**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 14-23622-CIV-SCOLA/OTAZO-REYES

JOSE ANGEL LUZARDO,
RAUNEL MANUEL LARA ALONSO,
and all others similarly
situated under 29 U.S.C.
216(b),

    Plaintiffs,

v.

TRITON WINDOW DISTRIBUTORS,
INC., and ALEJANDRO ACOSTA,

    Defendants.

_____/

**ASWER AND AFFIRMATIVE DEFENSES**

Defendants, by and through undersigned counsel, hereby respond to the Complaint as follows:

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiffs purport to bring an action under the Fair Labor Standards Act but deny that Plaintiffs are entitled to any damages from Defendants.

2. Defendants are without knowledge of the allegations in Paragraph 2 of the Complaint and therefore deny them.

3. Defendants admit that Triton Window Distributors, Inc. is a corporation doing business in Miami-Dade County. All other allegations in paragraph 3 of the Complaint are denied.

4.   Defendants admit that Alejandro Acosta is an officer of Triton Window Distributors, Inc. and deny all other allegations in paragraph 4 of the Complaint.

5.   Defendants deny paragraph 5 of the Complaint.

6.   Defendants deny paragraph 6 of the Complaint.

7.   Defendants admit that Plaintiff purports to bring this action under 29 U.S.C. 216(B) and that this Court has jurisdiction over cases brought under 29 U.S.C. §216 pursuant to 28 U.S.C. §1331. Defendants deny all other allegations which Plaintiffs may seek to imply in Paragraph 7 of the Complaint.

8.   Defendants admit that Plaintiff quotes part of the text of 29 U.S.C. §207(a)(1) but deny any other allegations which Plaintiff may seek to imply in Paragraph 8 of the Complaint.

9.   Defendants deny paragraph 9 of the Complaint.

10.  Defendants admit paragraph 10 of the Complaint.

11.  Defendants deny paragraph 11 of the Complaint.

12.  Defendants deny paragraph 12 of the Complaint.

13.  Defendants admit paragraph 13 of the Complaint.

14.  Defendants admit paragraph 14 of the Complaint.

15.  Defendants deny paragraph 15 of the Complaint.

16.  Defendants deny paragraph 16 of the Complaint.

17.  Defendants deny paragraph 17 of the Complaint.

18. The "WHEREFORE" paragraph following Paragraph 17 of the Complaint requires no response from Defendants. To the extent, however, that said paragraph could be argued or construed to require a response, Defendants deny that Plaintiff is entitled to any relief requested and deny any and all other allegations in the "WHEREFORE" paragraph.

19. Any allegations in the Complaint not expressly admitted in paragraphs 1 – 18, above, are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs were compensated for overtime hours using the fluctuating workweek method set forth in 29 C.F.R.§778.114.

2. Without admitting that Plaintiffs are entitled to any relief, in the event Plaintiffs were to be awarded any sum as damages on their overtime claims, Plaintiffs' damages should be calculated according to the fluctuating workweek formula set forth in 29 C.F.R.§778.114.

3. Without admitting that Plaintiffs are entitled to any relief, in the event Plaintiffs were to be awarded any sum, Defendants are entitled to a set-off against said sum for any amounts paid by Defendants to Plaintiffs for hours not worked by Plaintiffs.

4. At all times material to this litigation, Defendants have acted in good faith in reliance on information

published as 29 C.F.R.§778.114. Accordingly, Plaintiff cannot maintain any cause of action or claim any relief for damages under the "willful" or "good faith" provisions of the Fair Labor Standards Act.

5. To the extent that Plaintiffs seek relief based on actions occurring more than two years prior to the filing of the Complaint, some or all of Plaintiff's claims are barred by applicable statutes of limitation.

WHEREFORE Defendants request that the Court dismiss this action with prejudice and enter judgment in Defendants' favor for costs and for such other and further relief as the Court may deem just and proper.

    Respectfully Submitted,

    CAMPBELL & MALAFY
    10887 Overseas Highway
    Suite 201
    Marathon, Florida 33050
    Tel. (305) 743-2492
    Fax. (786) 743-2432

    s/ Jose F. Torres
    _____
    Jose F. Torres
    Florida Bar No. 148067
    Torreslaw@mac.com

    John Campbell
    Florida Bar No. 443972
    Campbelllaw@mac.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 17, 2014 I filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to:

J.H. Zidell, Esq.
J.H. ZIDELL, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
FBN: 0010121
zabogado@aol.com


Daniel T. Feld, Esq.
J.H. ZIDELL, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
FBN: 0037013
e-mail: DanielFeld.Esq@gmail.com


Christopher Cochran, Esq.
J.H. ZIDELL, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
e-mail: Cnc02g@gmail.com

                                          CAMPBELL & MALAFY
                                          10887 Overseas Highway
                                          Suite 201
                                          Marathon, Florida 33050
                                          Tel. (305) 743-2492
                                          Fax. (786) 743-2432

                                          s/ Jose F. Torres
                                          _____

        Jose F. Torres
        Florida Bar No. 148067
        Torreslaw@mac.com


        John Campbell
        Florida Bar No. 443972
        Campbelllaw@mac.com