UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23622-CIV-SCOLA/OTAZO-REYES

JOSE ANGEL LUZARDO, RAUNEL MANUEL )
LARA ALONSO and all others similarly situated )
under 29 U.S.C. 216(b), )
)
        Plaintiffs, )
vs. )
)
TRITON WINDOW DISTRIBUTORS, INC., )
ALEJANDRO ACOSTA, )
)
        Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME NUNC PRO TUNC
TO FILE JOINT INTERIM STATUS REPORT**

**COME NOW** Plaintiffs, by and through undersigned Counsel, and hereby request an entry of an order granting the above-described motion ("Motion for Enlargement of Time") pursuant to the Fed. R. Civ. P. 6(b)(1)(B) and S.D. Fla. L.R. 7.1, and in support thereof, states as follows:

1. Pursuant to the Honorable Judge Robert N. Scola's Order Scheduling Order and Referral to Mediation [D.E. 14], the parties were to jointly file an Interim Status Report by February 2, 2015.

2. Plaintiffs' counsel failed to correctly calendar said deadline and immediately upon noticing said error contacted counsel for Defendants via telephone and email. As of the filing of this Motion, Defendants' counsel has not responded to Plaintiff's counsel regarding collaboration to complete and file the Joint Interim Status Report.

3. Plaintiffs' counsel humbly apologizes to the Court for the failure to meet the deadline mentioned above, and has worked in good faith to remedy the mistake by filing the

present Motion and by taking the affirmative actions mentioned above.

4. Plaintiffs hereby request an extension of time *nunc pro tunc* through February 10, 2015 to jointly file the Interim Status Report with Defendants' counsel.

## **Memorandum of Law**

Federal Rule of Civil Procedure 6(b)(1)(B) states that an extension of time can be granted by the Court "on motion made after the time has expired if the party failed to act because of excusable neglect." The United States Supreme Court, in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, explained that "excusable neglect" was meant by Congress to encompass "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control," and that courts can accept late filings due to "excusable neglect." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 113 S.Ct. 1489, 1495 (1993). According to *Pioneer*, the Courts of Appeals generally interpret "excusable neglect" in Rule 6(b) to include "inadvertent delays." *Id.*.

Expanding on the *Pioneer* decision, the Eleventh Circuit Court, in *Cheney v. Anchor Glass Container Corporation*, explained that the Supreme Court's standard of "excusable neglect" also applies under Rule 60(b) when a party fails to timely demand a trial *de novo*. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 (11th Cir. 1996). Courts may decide to excuse a party's neglect of a deadline after considering all relevant factors involved in the omission, and listed the factors to consider as laid out in *Pioneer*, including, "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer* at 1498).

In the case at hand, Defendants will not be prejudiced by said delay, as the enlargement of time to file a Joint Interim Status Report will not interfere with any other deadlines established by this Honorable Court and, further, this delay will give Defendants the opportunity to comply with this Honorable Court's Order. The enlargement of time to file the Joint Interim Status Report will cause virtually no impact on judicial proceedings. The delay was not caused by any bad intention, and Plaintiffs' counsel worked to remedy the proceedings in good faith, and has acted in good faith throughout these proceedings. In light of all relevant circumstances surrounding the problem, Plaintiffs' delay in filing this motion should be considered "excusable neglect."

Plaintiffs therefore respectfully request that the Court grant this Motion for Enlargement of Time *Nunc Pro Tunc* to File Joint Interim Status Report and extend the relevant deadline until February 10, 2015.

## Certificate of Good Faith Conferral

On February 6, 2015, Plaintiffs' Counsel called Defense Counsel and left a voice message, and also sent an email to Defense Counsel regarding the present Motion and the Joint Interim Status Report. As of the filing of this Motion, Defense Counsel has not contacted the undersigned counsel.

Respectfully submitted,

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Julia M. Garrett_____
Julia M. Garrett, Esq.
Florida Bar No.: 105151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on February 6, 2015 on all counsel or parties of record on the Service List below.

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
*Attorneys For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151

## SERVICE LIST

Jose F. Torres
Law Office of Campbell & Malafy
10887 Overseas Highway
Marathon, FL 33050
305-447-8580
Fax: 786-472-5789
Email: torreslaw@mac.com
*Attorney for Defendants*