UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23622-CIV-SCOLA/OTAZO-REYES

JOSE ANGEL LUZARDO,　　　　　　　　　)
RAUNEL MANUEL LARA ALONSO, *and all*　)
*others similarly situated under 29 U.S.C. 216(B)*　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
TRITON WINDOW DISTRIBUTORS, INC.　　)
ALEJANDRO ACOSTA　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants　　　　　　　　　　)
_____)

## PLAINTIFFS' MOTION IN LIMINE

**COME NOW**, Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and file this above-described Plaintiffs' Motion In Limine and state as follows in support thereof:

1. Plaintiff moves in limine to exclude reference or introduction of the following 3 issues:

    1) Exclude reference to attorney's fees and costs at trial as related to both Plaintiffs.

    2) Exclude reference to liquidated damages at trial as related to both Plaintiffs

    3) Exclude evidence of prior convictions as related to Jose Luzarado.

    4) Exclude evidence of prior bad acts related to Jose Luzarado.

    5) Exclude testimony of William Gomez based upon having no knowledge in this matter.

1. **Attorneys fees and costs:**

Any reference to attorneys fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is

substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of attorney's fees and costs are matters decided by the Court post trial and not by the jury. As such, referencing Plaintiff's attorneys' fees and costs has absolutely no probative value and can only be used to unfairly prejudice the jury. As such, any reference to Plaintiff's attorneys' fees and costs at trial should be excluded.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to the above referenced issues at trial.

**2. Exclude reference to liquidated damages.**

Any reference to liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of liquidated damages is a matter that is decided by the Court post trial and not by the jury. As such, referencing Plaintiffs' claim for liquidated damages has absolutely no probative value and can only be used to unfairly prejudice the jury. As such, any reference to liquidated damages should be excluded.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to liquidated damages at trial.

**3**. **Exclude evidence of Prior Convictions and 609(b)**

None of Plaintiff Jose Luzarado's prior convictions from over 10 years ago are admissible for impeachment because they do not meet the requirements for admissibility set forth in Federal Rule of Evidence 609.  Defendants cannot introduce evidence of any convictions under the first prong of Rule 609 because there are no felony convictions that are less than ten years old.  See Fed. R. Evid. 609(a)(1); *Zinman v. Black & Decker (U.S.), Inc.*  983 F.2d 431,

434 (2d Cir. 1993) (Congress intended that convictions over 10 years old be admitted very rarely and only in exceptional circumstances.)

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to prior convictions at trial.

4. **Exclude evidence of Prior Bad Acts under 608(b)**

Plaintiff Jose Luzarado, moves to exclude any evidence of his job application whereby he indicated that he had not been convicted of any felonies. Defendant's attempt to offer this evidencee of a prior bad act is propensity evidence which is plainly prohibited by Fed. R. Evid. 404(b).

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to prior bad acts at trial.

5. **Exclude any testimony from William Gomez**

Pursuant to Fed. R. Evid 602 and 701, Plaintiff moves the Court in limine to exclude the testimony of lay witness William Gomez regarding any knowledge of Plaintiffs work duties, hours worked and pay. Under Rule 602, "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. *Delta Air Lines, Inc. et al. v. Lee*, 595 Fed.Appx 874 * 877 (11th Cir. 2014); *U.S. v. Van Dorn* 925 F.2d 1331 (11th Cir 1991); *See Adkins v. Dirickson*, 523 F. Supp. 1281 (E.D. Pa. 1981)   (witness now not in a positin to see, hear or otherwise perceive the matters to which the testimony relates).  Here William Gomez was a new employee of Defendants and had no knowledge of Plaintiffs work duties, hours worked and pay.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any testimony of William Gomez at trial.

**Certificate of Good Faith Conferral**

The undersigned attempted to confer via email and via telephone with Defendant's Counsel on June 1, 2015 but as of the filing of this motion has not been able to ascertain Defendant's position on this matter.

**Certificate of Service**

I hereby certify that on June 1, 2015, I electronically filed the foregoing Motion in Limine with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

Service List

Jose F. Torres
Campbell & Malafy
10887 Overseas Hwy
Marathon, FL  33050-3454
Attorney for Defendants
(Tel)      305-743-2492
(Fax)      786.743.2432