**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-23622-CIV-SCOLA/OTAZO-REYES**

JOSE ANGEL LUZARDO,                                  )
RAUNEL MANUEL LARA ALONSO, *and all*                 )
*others similarly situated under 29 U.S.C. 216(B)*   )
                                                     )
          Plaintiffs   )
   vs.                                    )
                                                     )
                                                     )
TRITON WINDOW DISTRIBUTORS, INC.                     )
ALEJANDRO ACOSTA                                     )
        Defendants     )
_____             )

**<u>REPLY</u>**

      **COME NOW**, Plaintiffs, by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, and file this reply to Defendants' Response to Plaintiffs' Motion In

Limine and state as follows in support thereof:

   1.  **<u>Attorneys fees and costs and Liquidated Damages:</u>**

      There is no basis, not even in closing argument, to refer to attorneys' fees and costs to the

jury. <u>Dingman v. Cart Shield USA, LLC</u>, 12-2008-CIV, 2013 WL 3353835 (S.D. Fla. July 3,

2013). (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial).

      Referencing attorney fees, costs or liquidated damages has absolutely no probative value

and can only possibly be used to unfairly prejudice the jury.  Nevertheless Defendants have an

interest in bringing up the FLSA's provisions regarding attorneys' fee awards and liquidated for

the purpose of prejudicing Plaintiffs.  A jury cannot equitably consider the FLSA's policy

considerations in awarding attorneys' fees and liquidated damages, and therefore might be

persuaded into reducing or setting off an award.  This scenario is a quintessential example of

evidence prohibited under Fed.R.Evid. Rule 403.

As such, any reference to attorney fees, costs or liquidated damages at trial should be excluded.  Moreover, liquidated damages, fees and costs are determined by the Court post-trial and the jury has no need to hear about this or other areas mentioned below.

2**.**     **Exclude Evidence of Prior Bad Acts under 608(b)**

Plaintiff, Jose Luzarado, moves to exclude any evidence of his job application whereby he indicated that he had not been convicted of any felonies.  Rule 608(b) permits impeachment only if specific acts which have *not* resulted in a criminal conviction. Because Mr. Luzardo was apparently convicted, the Defense cannot use the use the information on the application to impeach.   The application, and any examination related thereto, may only be used to impeach Mr. Luzardo with specific instances of conduct only if the conduct did *not result* in a conviction. U.S. v. Osazuwa, 564 F.3d 1169, 1175 (9th Cir. 2009) (emphasis added).  Because there is an apparent conviction, any evidence in the application relating to impeachment by way of criminal conviction is treated exclusively under Rule 609. Id, and not by the application or information related to the crime thereto. Avila-Blum v. Casa de Campbil Delgado, Inc., 236 F.R.D. 190, 92 (S.D.N.Y. 2006) (court prohibited employer seeking to impeach credibility through showing unlimited falsified employment records).

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference Mr. Luzardo's application situation because he apparently was convicted.   The Court should apply Rule 609 because of the conviction.

2.   <u>**Exclude Any Evidence of Prior Convictions and 609(b)**</u>

In the prior conviction, Mr. Luzardo, was given *probation* and 3 years *of community service* which ended in September 30, 2002 - some 13 years ago.  In reply, "release from confinement" means release from actual *imprisonment*.   It should be noted neither parole nor *probation*

constitutes "confinement within Rule 609. <u>Bizmark v. Kroger Co.</u>, 994 F. Supp. 726 (W.D. Va. 1998)(emphasis added).

To that point, importantly, though Mr. Luzardo never states the type of plea and whether he had counsel.  In furtherance, Rule 410 renders a *nolo* plea inadmissible against the person making it, and rule 803(33) recognizes a hearsay exception for felony convictions except on *nolo* pleas.  <u>U.S. v. Morrow</u>, 537 F.2d 20 (5th Cir. 1976) (conviction based upon plea of *nolo contendere* may not be used to impeach credibility of witness).  <u>See</u> <u>also</u>, <u>U.S. v. Graham</u>, 325 F.2d 922 (6th Cir. 1963)(in narcotics prosecution use of plea of *nolo* contendere in prior narcotics case to show that defendant was an addict not permitted). To be sure, Mr. Luzardo never mentions in his deposition that any alleged crime, *or arrest*, for that matter, related to a conspiracy to commit theft, nor was Mr. Luzardo charged or convicted of anything under 18 U.S.C. §371.[1]   The use of any Dade County offense (or any other crime) should be prohibited because he has been released from confinement over 10 years ago and those prior events should not be tacked onto time of any alleged current custody order from the Department of Homeland Security.

In reply to the Defenses' position that Mr. Luzardo is still in "custody".   Mr. Luzardo states that this information is irrelevant to any issue of credibility.   Any reference to his status in the United States should also be prohibited.  <u>David V. Signal International, LLC</u>, 257 F.R.D. 114 (E.D. La. 2009); <u>Villareal v El Chile, Inc.</u>, 2010 WL 725557 (N.D. Ill. March 1, 2010) (protective orders granting inquiry into their immigration status).

It should be noted, that the terms "custody" and "confinement" are not synonymous.  It seems that Defendants are designing to tack on and append the state case to the federal

---

[1] Any evidence as that alleged crime should be excluded.  The unauthenticated docket sheet from Miami Dade County Clerk of Court lacks any reference to such a crime.

deportation order to bring it within the 10 years time frame for impeachment.  It's akin to comparing apples to oranges.  First Mr. Luzardo is not in custody.[2]  Because he is Cuban, the United States policy is not to deport or remove him.[3]  To be sure the United States Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 699; 121 S.Ct. 249; 150 L.Ed.2d 653 (2001)[4] held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  Here, because of the U.S. policy, there is no significant likelihood of removal in the reasonably foreseeable future and such evidence should excluded.  8 C.F.R.§241.13(b)(2)(ii).

Even though Defense position is that he is in custody for immigration purposes, which he is not based upon the current law and policy, that does not mean that Defendants can use the current information or the prior conviction over 10 years ago to impeach his credibility. <u>E.E.O.C. v. DiMare Rusking, Inc.</u>, 2012 WL 12067898  In <u>DiMare,</u> the court opined that although immigration status may be relevant to the charging parties credibility, this issue of a party's credibility "does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden of the private enforcement of employment laws. <u>Id</u>., at *7.  Turning to the instant case, any inquiry into Plaintiffs immigration status or the prior conviction that set in motion the alleged immigration order, would implicitly raise negative consequences.  The real-world concern facing the court is whether the disclosure of his being in "custody" or "order of deportation" would sufficiently inflame or distract jurors from their roles as objective fact-finders.  In this case, Rule 403 evidence of his custody order should be barred because its probative value is so significantly outweighed by its inherently

---

[2] Detention after a removal order has been entered is governed by 8 U.S.C. §1231(a), which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 8 U.S.C.§1231(a)(1)(A).
[3] Congressional Research Service Report for Congress RL 32480, January 15, 2009. Yule Kim, Legislative Attorney; Michael John Garcia, Legislative Attorney
[4] <u>See also</u>, <u>Clark v. Martinez</u>, 2005 543 U.S. 371 (2005).

inflammatory potential as to have a probably capacity to divert the minds of the jurors from a reasonable and fair evaluation of the basic issues.   That order should not be used to lessen the remoteness of the conviction for impeachment purposes.

The Dade County and Texas piece should be excluded because of its remoteness, because he served probation, and because it would inflame the jury. Defense should be excluded from soliciting any testimony related to the Custody Order and Mr. Luzardo's immigration status. This should be prohibited because it is unduly prejudicial evidence at trial and the chilling effect of inquiry into immigration status in connection with evidence sought in this FLSA wage case.

Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to prior convictions and current immigration status.  Also Plaintiff Alonso would be prejudiced by any spill over effect from hearing evidence of prior crimes and prior bad acts of Plaintiff Luzardo.

**4.     Exclude any testimony from William Gomez**

Pursuant to Fed. R. Evid 602 and 701, Plaintiff Luzardo moves the Court in limine to exclude the testimony of lay witness William Gomez regarding any knowledge of Plaintiffs work duties, hours worked and pay because William Gomez was a new employee of Defendant and did not know Mr. Luzardo and had no knowledge of Plaintiffs work duties, hours worked and pay.

Wherefore, Plaintiff requests that the Court grant Plaintiff Luzardo's Motion in Limine and exclude any testimony of William Gomez at trial, as related to him.

Respectfully submitted,

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Email: steven.fraser.esq@gmail.com

## Certificate of Service

I hereby certify that on June 29, 2015, I electronically filed the foregoing Motion in Limine with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this ay on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

## Service List

Jose F. Torres, Esq.
John Campbell, Esq.
Campbell & Malafy
10887 Overseas Hwy
Marathon, FL  33050-3454
Attorney for Defendants
(Tel)        305-743-2492
(Fax)        786-743.2432