**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 14-23622-CIV-SCOLA/OTAZO-REYES

JOSE ANGEL LUZARDO,
RAUNEL MANUEL LARA ALONSO, and all
others similarly situated under 29
U.S.C. 216(b),
    Plaintiffs,
v.
TRITON WINDOW DISTRIBUTORS, INC., and
ALEJANDRO ACOSTA,

    Defendants.
_____/

**DEFENDANTS' PRE-TRIAL STIPULATIONS**

Defendants, by and through undersigned counsel, and pursuant to the Scheduling Order [DE14], Fed R. Civ. P. 26(a)(3), and Local Rule 16 of the Southern District of Florida file their Pre-Trial Stipulations and state:

Note:  After exchanging proposed documents, the parties remain significantly apart on basic issues.  Accordingly, Defendants file separately.

1. **CONCISE STATEMENT OF THE CASE**

    Plaintiffs claim they worked in excess of forty (40) hours weekly for Defendants and, in violation of the Fair Labor Standards Act, were not paid anything at all including overtime for their hours worked over forty (40). Defendants contend that the Plaintiffs were properly compensated for all hours worked.

    Without admitting that Plaintiffs are entitled to any relief, in the event Plaintiffs were to be awarded any

sum, Defendants contend that they are entitled to a set-off against said sum for any amounts paid by Defendants to Plaintiffs for hours not worked by Plaintiffs.

**2.   BASIS OF FEDERAL JURISDICTION**

This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 and 28 U.S.C. §1331.

**3.   PLEADINGS RAISING THE ISSUES**

Complaint, DE1.

Answer and Affirmative Defenses to Complaint, DE11.

**4.   UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

Plaintiffs' Motion in Limine, DE28.

**5.   UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

a.   The Corporate Defendant was an enterprise engaged in commerce for the years 2012, 2013, and 2014.
b.   Jose Angel Luzardo ("Luzardo") was employed by Triton Window Distributors, Inc. ("Triton Window") from on or about April 15, 2013 to July 18, 2014.
c.   Jose Angel Luzardo was paid by Triton Window every two (2) weeks.
d.   Raunel Manuel Lara Alonso ("Lara") was employed by Triton Window from on or about February 15, 2012 to September 23, 2014.
e.   Lara was paid by Triton Window every two (2) weeks.
f.   The federal minimum wage for covered employees was $7.25 per hour in 2012, 2013, and 2014.

**6.     ISSUES OF FACT WHICH REQUIRE PROOF AT TRIAL**

a.    The number of hours Jose Angel Luzardo worked in each week he was employed by Triton Window during the 2 year period of September 30, 2012 to September 30, 2014.

b.    The amount Triton Window paid Jose Angel Luzardo for each week he was employed by Triton Window during the 2 year period of September 30, 2012 to September 30, 2014.

c.    Whether Triton Window compensated Jose Angel Luzardo for all overtime hours he worked during the 2 year period of September 30, 2012 to September 30, 2014 in accord with the overtime pay provisions of the FLSA.

d.    The number of hours Plaintiff Lara Alonso worked in each week he was employed by Triton Window during the 2 year period of September 30, 2012 to September 30, 2014.

e.    The amount Triton Window paid Plaintiff Lara Alonso for each week he was employed by Triton Window during the 2 year period of September 30, 2012 to September 30, 2014.

f.    Whether Triton Window compensated Plaintiff Lara Alonso for all overtime hours he worked during the 2 year period of September 30, 2012 to September 30, 2014 in accord with the overtime pay provisions of the FLSA.

g.    If Defendants did not compensate Luzardo and Lara Alonso during the 2 year period of September 30, 2012 to September 30, 2014 in accord with the overtime provisions

of the FLSA, the amount of unpaid overtime damages due to each Plaintiff for that period.

h. If Plaintiff Luzardo is due overtime pay, the amount of set-off to be applied against that amount for pay received by Plaintiff Luzardo for hours he did not work.

i. If Plaintiff Lara Alonso is due overtime pay, the amount of set-off to be applied against that amount for pay received by Plaintiff Lara for hours he did not work.

j. If Defendants did not compensate Lara according to the overtime provisions of the FLSA during the 2 year period of September 30, 2012 to September 30, 2014 in accord with the overtime provisions of the FLSA, whether Plaintiff Lara proved by a preponderance of the evidence that Defendants knew that their conduct was prohibited by the statute or showed reckless disregard about whether it was.

k. Whether the time and pay records for Plaintiff Luzardo for the period of September 30, 2012 to September 30, 2014 presented by Defendants are accurate and reliable.

l. Whether the time and pay records for Plaintiff Lara for the period of September 30, 2012 to September 30, 2014 presented by Defendants are accurate and reliable.

m. Whether the time and pay records presented by Plaintiff Luzardo are accurate and reliable.

n. Whether the time and pay records presented by Plaintiff Lara are accurate and reliable.

**7.     ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

The corporate Defendant was an enterprise engaged in commerce for the years 2012 through 2014.

**8.     ISSUES OF LAW REQUIRING DETERMINATION BY THE COURT**

a.    Whether pursuant to 29 U.S.C.§255, the 2-year statute of limitations period in this case runs from September 30, 2012 to September 30, 2014.

b.    If Plaintiffs were not properly compensated for hours worked, what is the proper measure of compensation?

c.    Whether Plaintiffs are entitled to the relaxed evidentiary burden as to hours worked set forth in Anderson v. Mt. Clemens Pottery Company, 328 U.S. 680 (1946).

d.    Whether Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

e.    If Plaintiffs prevail, whether Defendants' actions were in good faith and whether Defendants had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA.

f.    If Plaintiffs prevail, whether they should be awarded liquidated damages and the amount of those liquidated damages.

g.    If Plaintiffs prevail, the amount of attorneys' fees and costs, if any, which should be awarded.

**9.   TRIAL EXHIBITS**

    Plaintiffs Exhibit List

    Defendants' Exhibit List

**10.  TRIAL WITNESSES**

    Plaintiffs' Witness List

    Defendants' Witness List

**11.  ESTIMATED TRIAL TIME**

    Defendants estimate that trial will take three (3) days.

**12.  ATTORNEYS' FEES**

    Defendants state that Plaintiffs are not entitled to attorneys' fees or costs.

CERTIFICATE OF SERVICE

    We hereby certify that on July 14, 2015 we filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to:

J.H. Zidell, Esq.
J.H. ZIDELL, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com

Steven C. Fraser, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Steven.fraser.esq@gmail.com

Julia Garrett, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141


ATTORNEYS FOR PLAINTIFF

                                                    CAMPBELL & MALAFY
                                                    10887 Overseas Highway, Suite 201
                                                    Marathon, Florida 33050
                                                    Tel. (305) 743-2492
                                                    Fax. (786) 743-2432

                                                    s/ **Jose F. Torres**

                                                    Jose F. Torres
                                                    Florida Bar No. 148067
                                                    Torreslaw@mac.com

                                                    John Campbell
                                                    Florida Bar No. 443972
                                                    Campbelllaw@mac.com

                                                    ATTORNEYS FOR DEFENDANTS