UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-23622-CIV-SCOLA/OTAZO-REYES

JOSE ANGEL LUZARDO,
RAUNEL MANUEL LARA ALONSO, and all others
similarly situated under 29 U.S.C. 216(b),
   Plaintiffs,
v.
TRITON WINDOW DISTRIBUTORS, INC., and
ALEJANDRO ACOSTA,

   Defendants.
_____/

**PLAINTIFFS PRE-TRIAL STIPULATION**

Plaintiff, by and through undersigned counsel, and pursuant to the Scheduling Order [DE 37] and Local Rule 16(f) of the Southern District of Florida file their Pre-Trial Stipulations and state:

**Introduction:**

After conferral, via telephone and via email, the parties have been unable to agree towards filing a pre-trial stipulation. Both parties could not agree to incorporate each others changes. As such, counsel for plaintiff is filing his separate pretrial stipulation related this case and the issues of fact and law.

1.    **CONCISE STATEMENT OF THE CASE**

Plaintiffs claim they worked in excess of forty (40) hours weekly for Defendants and, in violation of the Fair Labor Standards Act, were not paid anything at all including overtime for their hours worked over forty (40). Defendants contend that the Plaintiffs were properly compensated for all of their hours worked.

Without admitting that Plaintiffs are entitled to any relief, in the event Plaintiffs were to be awarded any sum, Defendants contend that they are entitled to a set-off against said sum for any amounts paid by Defendants to Plaintiffs for hours not worked by Plaintiffs.  Plaintiffs content that no set off is allowed as a matter of law.

2. **BASIS OF FEDERAL JURISDICTION**

This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 and 28 U.S.C. §1331.  Parties agree that FLSA applies t Plaintiffs' claim for the periods alleged in the complaint.

3. **PLEADINGS RAISING THE ISSUES**

Complaint, DE1.

Answer and Affirmative Defenses to Complaint, DE11.

4. **UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

Plaintiffs' Motion in Limine, DE28.

5. **UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

   a. Alexandro Acosta was Plaintiffs employer for the relevant time period under the FLSA along with the corporate defendant.

   b. The Corporate Defendant was an enterprise engaged in commerce for the years 2012, 2013, and 2014 under the FLSA.

   c. Jose Angel Luzardo ("Luzardo") was employed by Triton Window Distributors, Inc. ("Triton Window") from on or about March 1, 2013 to July 19, 2014.

   d. Raunel Manuel Lara Alsonso ("Alonso") was employed by Triton Window Distributors, Inc. ("Triton Window") from on or about February 15, 2012 through September 23, 2014.

  e. The federal minimum wage for covered employees was $7.25 per hour in 2012, 2013, and 2014.

  f. Defendants do not have accurate time records for the relevant period of time Plaintiffs worked for Defendants.

  g. Defendant Corporation grossed more than $500,000.00 annually for the relevant time period and employed more than 2 employees who regularly handle goods and materials which were manufactured out of Florida for the relevant time period.

**6. ISSUES OF FACT WHICH REQUIRE PROOF AT TRIAL**

  a. The number of hours Luzardo worked in each week he was employed by Triton Window during the relevant time period.

  b. The amount Triton Window paid Luzardo for each week he was employed by Triton Window during the relevant time period.

  c. Whether Triton Window compensated Luzardo for all overtime hours he worked.

  d. The number of hours Lara worked in each week he was employed by Triton Window.

  e. The amount Triton Window paid Lara for each week he was employed by Triton Window.

  f. Whether Triton Window compensated Lara for all overtime hours he worked.

  g. If Defendants did not compensate Luzardo and Lara during the relevant time period in accord with the overtime provisions of the FLSA, the amount of unpaid overtime damages due to each Plaintiff for that period.

  h. If Plaintiff Luzardo is due overtime pay, the amount of set-off to be applied against that amount for pay received by Plaintiff Luzardo for hours he did not work.[1]

  i. If Plaintiff Lara is due overtime pay, the amount of set-off to be applied against that amount for pay received by Plaintiff Lara for hours he did not work.[2]

---

[1] Plaintiff contends no set-off is allowed as a matter of law.
[2] Plaintiff contends no set-off is allowed as a matter of law.

  j. If Defendants did not compensate Lara according to the overtime provisions of the FLSA during the relevant time period in accord with the overtime provisions of the FLSA.

  k. At all times while Luzardo was employed by Triton Window, his workweek ran from Thursday to Wednesday of the following week.

  l. Luzardo was paid by Triton Window every two (2) weeks.

  m. Raunel Manuel Lara Alonso ("Lara") was employed by Triton Window from on or about February 15, 2012 to September 23, 2014.

  n. At all times while Lara was employed by Triton Window, his workweek ran from Thursday to Wednesday of the following week.

  o. Lara was paid by Triton Window every two (2) weeks.

  p. The amount of work-related travel time, that the defendants were not compensated by Defendants for the relevant time period.

**7. ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

  The corporate Defendant was an enterprise engaged in commerce for the years 2012 through 2014.

**8. ISSUES OF LAW REQUIRING DETERMINATION BY THE COURT**

  a. If Plaintiffs were not properly compensated for hours worked, what is the proper measure of compensation?

  b. Whether <u>Anderson v. Mt. Clemens Pottery Company</u>, 328 U.S. 680 (1946) controls that case since defendants time records are inaccurate or incomplete.

  c. If Plaintiffs prevail, whether Defendants' actions were in good faith and whether Defendants had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA.

  d. If Plaintiffs prevail, whether they should be awarded liquidated damages and the amount of those liquidated damages.  All post trial motions will be based solely on evidence presented at trial.

  e. If Plaintiffs prevail, the amount of attorneys' fees and costs which should be awarded to Plaintiffs' counsel.

9. **TRIAL EXHIBITS**

    Plaintiffs' Exhibit List

    Defendants' Exhibit List

10. **TRIAL WITNESSES**

    Plaintiffs' Witness List

    Defendants' Witness List

11. **ESTIMATED TRIAL TIME**

    Defendants estimate that the jury trial will take three (3) days.

12. **ATTORNEYS' FEES**

    Defendants state that Plaintiffs are not entitled to attorneys' fees or costs.

    Plaintiffs estimate fees to be $75,000.00 through trial and post trial motions.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2015, I electronically filed the unilateral Plaintiff's Pretrial Statement with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                           __/s/Steven C. Fraser__
                                                                           Steven C. Fraser, Esq.
                                                                           Fla. Bar No. 625825
                                                                           J.H. Zidell, P.A.

Attorney for Plaintiff  
300 71st Street #605  
Miami Beach, Florida 33141  
Tel: (305) 865-6766  
Fax: (305) 865 – 7167  
Email: steven.fraser.esq@gmail.com

## SERVICE LIST

Jose F. Torres, Esq.
Florida Bar No. 148067
Torreslaw@mac.com
John Campbell, Esq.
Florida Bar No. 443972
Campbelllaw@mac.com
CAMPBELL & MALAFY
10887 Overseas Highway, Suite 201
Marathon, Florida 33050
Tel. (305) 743-2492
(786) 743-2432