**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-23622-CIV-SCOLA/OTAZO-REYES**

JOSE ANGEL LUZARDO,                                      )
RAUNEL MANUEL LARA ALONSO, *and all*          )
*others similarly situated under 29 U.S.C. 216(B)*     )
                                                                        )
                        Plaintiffs                                 )
            vs.                                                      )
                                                                        )
TRITON WINDOW DISTRIBUTORS, INC.             )
ALEJANDRO ACOSTA                                     )
                                                                        )
                        Defendants                               )
_____ )

## JOINT PROPOSED JURY INSTRUCTIONS

\*\*ANY PROPOSED INSTRUCTIONS BELOW OBJECTED TO BY DEFENDANT AND OFFERED ONLY BY PLAINTIFFS ARE UNDERLINED. ANY PROPOSED INSTRUCTIONS BELOW OBJECTED TO BY PLAINTIFFS AND OFFERED ONLY BY DEFENDANT ARE **BOLDED**.

## TO BE GIVEN AT THE BEGINNING OF THE CASE
### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil

trial and your duty as jurors. These are preliminary instructions. I'll give you more

detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must *not* consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

    This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.  There are two plaintiffs.   Both Plaintiffs claim that Defendants, failed to pay them overtime wages when they worked more than 40 hours in a week.

**Burden of proof**:

    Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendant on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side.  If Plaintiffs fail to meet this burden, you must find in favor of Defendants Triton Window Distributors and Alejandro Acosta.

    To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide

a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the

Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully

listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendant may ask the witness questions - this is called "cross-examining" the witness. Then Defendant  will present its **their** witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.  <u>You'll then go to the jury room to deliberate.</u>

AUTHORITY:     Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

GIVEN:

GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not

draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

First, you must submit all questions in writing. Please don't ask any questions aloud.

Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

AUTHORITY:
*11th Cir. Pattern Jury Instr. (Civil)* 1.4 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PROPOSED INSTRUCTION NO. 3**</u>
**STIPULATIONS**

<u>Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. I will now read to you the facts that the parties agree are true.  You must treat these facts as proved for this case.</u>

<u>AUTHORITY</u>:

*11th Cir. Pattern Jury Instr. (Civil)* 2.1 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 4
### USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of certain witnesses may be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

AUTHORITY:

*11th Cir. Pattern Jury Instr. (Civil)* 2.2 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 5
## USE OF INTERROGATORIES

You may hear answers that one or more of the parties have in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider the answers as though the party who gave the answers in writing gave them on the witness stand.

AUTHORITY:

*11th Cir. Pattern Jury Instr. (Civil)* 2.6 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>PROPOSED INSTRUCTION NO. 6</u>

Official English Translation/Interpretation

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know the language other than English being used, you must accept the English interpretation provided and disregard any different meaning.

<u>AUTHORITY</u>:

*11th Cir. Pattern Jury Instr. (Civil)* 1.3 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>PROPOSED INSTRUCTION NO.7</u>

Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

<u>AUTHORITY</u>:

*11th Cir. Pattern Jury Instr. (Civil)* 2.5 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>TO BE GIVEN AT THE END OF THE CASE</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**PROPOSED INSTRUCTION NO. 8**
**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW**
**INSTRUCTIONS**
**<u>(Corporate Party Involved)</u>**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

<u>The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.</u>

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 9
### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 10
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:

GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 11</u>
## IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 12
### Responsibility for Proof -Plaintiffs Claims
### Preponderance of the Evidence

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each Plaintiffs claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against each Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## (DEFENDANTS') PROPOSED JURY INSTRUCTION No. 13
### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.9

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 14**
**FAIR LABOR STANDARDS ACT**
**(29 USC Section 216)**

In this case, Jose Angel Luzardo and Raunel Manuel Lara Alonso claim that the <u>Defendants</u> **Triton Window Distributors** did not pay each of them overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their claims against the Defendants, each Plaintiff must prove, by a preponderance of the evidence, that Defendants failed to pay <u>him</u> **each of them** the overtime pay required by law:

First:      Each Plaintiff was an employee of Defendants and the FLSA applies to the Corporate Defendant Triton Window Distributors, Inc.; and

Second:   <u>Defendants</u> **Triton Window Distributors** failed to pay Jose Angel Luzardo and Raunel Manuel Lara Alonso overtime pay required by law.

The Parties agree to the First prong and, therefore, you shall find that the First prong is already established <u>for the relevant years</u> **in this case**.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

<u>Overtime claim</u>**:** The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5

times the regular rate for all time worked after the first 40 hours. This is commonly

known as time-and-a-half pay for overtime work.

PLAINTIFF'S OBJECTION:

In the bolded text above, Defendants' counsel appears to be attempting to erase the fact that Plaintiffs are claiming liability as to the Individual Defendant's actions, as well. Limiting this instruction to name, specifically, Triton Windows — and not both Defendants — is confusing and misleading to the jury.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

### (Fluctuating Work Week Method)

But, FLSA regulations provide for an alternate way to calculate the compensation of certain salaried employees -- the Fluctuating Work Week method.

29 C.F.R. § 778.114.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**DEFENDANTS' PROPOSED INSTRUCTION NO. 16**

**(Fluctuating Work Week Explained)**

The Fluctuating Work Week method allows an employee whose hours fluctuate, that is, vary, from week to week to be compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), plus one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because the straight-time rate [that is, the fixed salary] already includes compensation for all hours worked.

The regular rate of hourly compensation will vary from week to week depending on the number of actual hours worked in any given workweek; it is calculated by dividing the number of hours worked into the amount of the straight-time salary.

Under the Fluctuating Work Week method of compensation, the "regular rate of pay" is determined "by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly

**rate for the week." Thus, the regular rate varies according to the number of hours worked in a given week.**

29 C.F.R. § 778.114(a); <u>Davis v. Friendly Exp., Inc.</u>, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003); <u>Garcia v. Port Royale Trading Co. Inc.</u>, 198 F. App'x 845, 845–46 (11th Cir.2006) (citing 29 C.F.R. § 778.114); <u>Lewis v. Keiser School, Inc</u>., 2012 WL 4854724 (S.D. Fla.); <u>Reasoner v. All Seasons Pool Serv., Inc.</u>, No. 606CV-1819-ORL-19DAB, 2007 WL 4326808, at *6 (M.D. Fla. Dec. 7, 2007).

.

GIVEN AS REQUESTED _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

## DEFENDANTS' PROPOSED INSTRUCTION NO. 17

### (Reason for Half-Time Rate for Overtime

### Under Fluctuating Work Week Method)

The reason that overtime is paid at a half-time rate under the Fluctuating Work Week Method is "because the straight-time rate [that is, the fixed salary] already includes compensation for all hours worked."

<u>Lewis v. Keiser Sch., Inc.</u>, No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12, 2012)

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

# DEFENDANTS' PROPOSED INSTRUCTION NO. 18

## (Fluctuating Work Week)

In this case, Defendants contend that they paid Plaintiffs according to the fluctuating workweek method.

It is Plaintiffs' position that the fluctuating workweek method of calculating compensation does not apply to them in this case, and they are due overtime compensation as hourly employees.

Plaintiffs bear the burden of proving that the fluctuating workweek method does not apply to them in this case.

Davis v. Friendly Exp., Inc., No. 02-14111, 2003 WL 21488682, at *3 (11th Cir. Feb. 6, 2003)(adapted)

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

**(Fluctuating Work Week )**

You may find that an employee understood that he was paid under the fluctuating work week method if (1) he knew how much money he was paid each week, (2) if he knew that his work hours varied from week to week, (3) if he received a base salary regardless of the number of hours he worked, and (4) if he received additional half-time pay for each hour worked over 40 for the week.

Garcia v. Port Royale Trading Co. Inc., 198 F. App'x 845, 846 (11th Cir. 2006);
Teblum v. Eckerd Corporation of Florida, 2006 WL 288932 (M.D. Fla. 2006)

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20

### (Fluctuating Work Week )

**Employees are not required to understand the exact mathematical equations Defendants utilized to determine their pay under the fluctuating work week method.**

Teblum v. Eckerd Corporation of Florida, 2006 WL 288932 *14 (M.D. Fla. 2006

## DEFENDANTS' PROPOSED INSTRUCTION NO. 21

**(Calculating Employee Pay Under Hourly Pay Method and
Fluctuating Workweek Method)**

**-- Hourly Pay Calculation --**

Under the hourly pay method, the employee is paid a fixed regular rate for all hours worked up to 40 during the work week.  All hours above forty (40) per week are paid at an overtime rate of one and one half time the regular rate.

For example, consider an employee earning ten dollars ($10.00) per hour who works 40 hours on Week 1, 45 hours on Week 2, and 35 hours on Week 3.

In Week 1 the employee earns  $10.00 (the fixed regular rate) times 40 (the number of hours worked).  Since the employee did not work over 40 hours, s/he does not receive overtime pay.  The employee's pay for Week 1 is $400.00. ($10 x 40).

In Week 2 the employee earns $10.00 (the fixed regular rate) times 40 (the number of "regular" hours) plus $15.00 (the overtime rate) times 5 for the hours worked over 40.  The employee's pay for Week 2 is  $10.00 x 40 $400) plus $15.00 x 5 ($75),  $475.00 total.

In <u>Week 3</u> the employee earns $10.00 per hour (the fixed regular rate) times 35 (the number of hours worked).  She does not receive overtime pay. The employee's total pay for <u>Week 3</u> is $<u>350.00</u> for 35 hours worked.

-- Fluctuating Work Week (FWW) Calculation --

Now, consider an employee working 40 hours on <u>Week 1</u>, 45 hours on <u>Week 2</u>, and 35 hours on <u>Week 3</u>, but compensated under the Fluctuating Workweek method at a base salary of $400.00 per week.

In <u>Week 1</u>, the employee's regular rate of pay is $10.00 per hour ($400 salary divided by 40, the number of hours worked). Since the employee did not work over 40 hours, s/he does not receive overtime pay.  The employee's pay for <u>Week 1</u> is $<u>400.00</u>, her base salary.

In <u>Week 2</u>, the employee's regular rate of pay is $8.88 per hour ($400 salary divided by 45, the number of hours worked).  The employee worked five (5) overtime hours for which she is compensated at one half the regular rate per hour, $8.88 x 0.5 =  $4.44 per hour.   Under the Fluctuating Workweek Method, he employee's total pay for Week 2 is $<u>422.20</u> consisting of $400.00, her base salary, plus $22.20 as overtime premium.

**In <u>Week 3</u> the employee earns $<u>400.00</u> (her base salary) for 35 hours'**

**work.  Her regular rate of pay for Week 3 is $11.43 per hour.  She does not**

**receive overtime pay since she worked under forty hours during that week.**


29 C.F.R. § 778.114 (adapted);  <u>Reasoner v. All Seasons Pool Serv., Inc.</u>, No. 606CV-1819-ORL-19DAB, 2007 WL 4326808, at *6 (M.D. Fla. Dec. 7, 2007); <u>Teblum v. Eckerd Corporation of Florida</u>, 2006 WL 288932 (M.D. Fla. 2006).


GIVEN AS REQUESTED _____

GIVEN AS MODIFIED _____

REFUSED _____

    WITHDRAWN _____

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40/ the total number of hours Plaintiffs' weekly salary was intended to compensate.

To calculate how much overtime pay was owed to Plaintiffs for a certain week, subtract 40 from the total number of hours [he/she] worked and multiply the difference by the overtime rate. Defendants failed to pay Plaintiffs the required overtime pay if [he/she/it] paid [him/her] less than that amount.]

The amount of damages is the difference between the amount each Plaintiff should have been paid and the amount he was actually paid.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

**(Statute of Limitations)**

The statute of limitations for claims seeking unpaid overtime compensation under the FLSA is two years. In this case the statute of limitations runs back to September 30, 2012, only. If the cause of action arises "out of a willful violation," however, the statute of limitations is extended to three years (to September 30, 2011).

To establish a willful violation the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.

In considering whether the employer "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was," you should consider testimony and evidence relating to the two-year period between September 30, 2012 and September 30, 2014 only.

If you find that during this time period, the employer "either knew that its conduct was prohibited by the statute or showed reckless disregard about

**whether it was," you may consider testimony and evidence relating to the period of September 30, 2011 to September 29, 2012 in determining damages, if any.**

29 U.S.C. §255(a); Talbott v. Lakeview Ctr., Inc., No. 3:06CV378/MCR/MD, 2008 WL 4525012, at *10 (N.D. Fla. Sept. 30, 2008); 29 U.S.C. § 255(a); Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir.2008) (citing *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988)); Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1324 (11th Cir.2007); Lewis v. Keiser Sch., Inc., No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12, 2012)

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

**(Statute of Limitations)**

Under the FLSA Plaintiffs are entitled to recover lost overtime wages from the date of your verdict back to no more than two years before **they** filed this lawsuit on September 30, 2014 **(that is to September 30, 2012)** —unless you find that the employer either knew or showed reckless disregard for whether the FSLA prohibited its conduct **during the time period indicated above**. If you find that the employer knew or showed reckless disregard for whether the FSLA prohibited its conduct **during the period indicated above**, then Plaintiffs are entitled to recover lost wages from date of your verdict back to no more than three years before <u>each filed this lawsuit</u> **September 30, 2014, provided that the Plaintiff worked for Defendants before September 30, 2012.**

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED); 29 C.F.R. § 778.115; 29 C.F.R. § 778.418; *Morales-Arcadio v. Shannon Produce Farms, Inc.*, No. 605CV062, 2007 WL 2106188, * 2 (S.D. Ga. 2007)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### (Proof of Overtime Hours Worked – Burden of Proof)

**An employee has the burden of proving that he performed overtime work for which he was not properly compensated.**

29 U.S.C. §216(b); Anderson v. Mt. Clemens Pottery Company, 328 U.S. 680 (1946); Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315 (11th Cir. 2007); Solano v. A Navas Party Prod., Inc., 728 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

### (Plaintiff's Duty to Prove Overtime Hours Worked)

In order to prevail on their claims in this case, each Plaintiff must prove 1) that he worked overtime without proper compensation and 2) that the employer knew or should have known of his overtime hours worked.

If the employer had no knowledge of the employee's alleged overtime hours and that employee failed to notify the employer of the overtime hours claimed, the employer's failure to pay for the overtime hours is not a violation of the FLSA.

Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314-15 (11th Cir. 2007); Bailey v. TitleMax of Georgia, Inc., 776 F.3d 797, 801 (11th Cir. 2015) (MODIFIED)

Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC, 725 F. Supp. 2d 1358, 1361-62 (S.D. Fla. 2010);  Fletcher v. Universal Technical Inst., Inc., No. 6:05CV585 ORL31DAB, 2006 WL 2297041, at *4-6 (M.D. Fla. June 15, 2006) (MODIFIED)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

**(Proof of Overtime Hours Worked – Use of Records or Substitutes)**

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso claim that Triton Window Distributors failed to keep and maintain adequate records of their hours and pay. Plaintiff Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso also claim that Triton Window Distributor's failure to keep and maintain adequate records has made it difficult for Plaintiffs Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso to prove the exact amount of their claims.

If you find that Triton Window Distributors failed to keep adequate time and pay records for Plaintiffs Jose Angel Luzardo and Plaintiff  Raunel Manuel Lara Alonso and that Plaintiffs Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso performed work for which they should have been paid, Plaintiffs Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs Jose Angel Luzardo and Plaintiff Raunel Manuel Lara Alonso must prove by a preponderance of the evidence the

**reasonable estimation of the amount and extent of the work for which they**

**seek pay.**

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14 (MODIFIED)

Anderson v. Mt. Clemens Pottery Company, 328 U.S. 680, 687, 688 (1946); Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315 (11th Cir. 2007); Solano v. A Navas Party Prod., Inc., 728 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26

### (Timekeeping Method)

Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.[1]

---

[1] U.S. Dep't of Labor, Fact Sheet No.21, Recordkeeping Requirements Under the Fair Labor Standards Act (2008). http://www.dol.gov/whd/regs/compliance/whdfs21.pdf

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

**(Plaintiff's Duty to Prove Overtime Hours Worked)**

In order to prevail on their claims in this case, each Plaintiff must prove 1) that he worked overtime without compensation and 2) that the employer knew or should have known of his overtime hours worked.

If the employer had no knowledge of the employee's alleged overtime hours and the employee failed to notify the employer of the overtime hours he claimed, the employer did not violate the FLSA any failure by the employer to pay for the overtime hours alleged is not a violation of the FLSA.

Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314-15 (11th Cir. 2007); Bailey v. TitleMax of Georgia, Inc., 776 F.3d 797, 801 (11th Cir. 2015) (MODIFIED)

Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC, 725 F. Supp. 2d 1358, 1361-62 (S.D. Fla. 2010);  Fletcher v. Universal Technical Inst., Inc., No. 6:05CV585 ORL31DAB, 2006 WL 2297041, at *4-6 (M.D. Fla. June 15, 2006) (MODIFIED)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 27
## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

It is the employer's responsibility of keeping records of hours worked by employees under the FLSA.  Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

In this case, Plaintiffs claim that Defendant failed to keep and maintain adequate records of their hours and pay. Plaintiffs also claim that Defendant's failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claims.

If you find that Defendant failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which each should have been paid overtime, Plaintiffs may recover a reasonable estimation of the amount of their

<u>damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which each seeks pay.</u>

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 28</u>
## FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA

<u>Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.</u>

<u>The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.</u>

29 C.F.R. 516.2 (Modified).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 29
Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40–hour week his regular rate is $5.52 an hour."

*Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1268-69 (11th Cir. 2008).*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 30
## RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor

Standards Act cannot be abridged by contract or otherwise waived by the

employee.

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)
*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 31
## INSTRUCTION ON RELEASE OF CLAIMS

<u>Because an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee, even if the Plaintiff signed a general release of claims prior to ending his employment with Defendant, such general release cannot be used by Defendant as a reason for not paying Plaintiff overtime.  Even if Plaintiff did sign such a release, such is not a justification for not paying overtime wages to Plaintiff.</u>

*Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998); *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178 (11th Cir. 1982); *Schwartz v. Florida Board of Regents, et al*., 807 F.2d 901 (11th Cir. 1987).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32
### Work performed while traveling

Any work which an employee is required to perform while traveling must, of course, be counted as hours worked. An employee who drives a truck, bus, automobile, boat or airplane, or an employee who is required to ride therein as an assistant or helper, is working while riding, except during bona fide meal periods or when he is permitted to sleep in adequate facilities furnished by the employer.

29 C.F.R. § 785.41

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 33
### Travel time to and from job sites

You must also determine whether the Plaintiffs should be compensated for travel time to and from different job sites.

Activities performed before or after the regular work shift, including travel time, are compensable only if they are integral and indispensable to the primary activity for which the Plaintiffs were employed.

*Dade County, Fla. v. Alvarez,* 124 F.3d 1380, 1383 (11th Cir.1997).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 34
## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives.  "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

"The activity is employment under the Act if it is done at least in part for the benefit of the employer, even though it may also be beneficial to the employee.")

Time spent by an employee who is engaged to be waiting to perform a work duty as part of his job is to be counted as work time.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 35
## TRAVEL COSTS

Mandatory transportation costs are primarily for the employer's benefit and thus must be paid for by the employer. Transportation costs are taxed against the employer when the transportation is "an incident of and necessary to the employment."

*Arriaga et.al. v. Florida Pacific Farms LLC et.al.,* 305 F.3d 1228 (11th Cir. 2002).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36**

**(FLSA Definition of Work)**

**Work is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.**

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38

### (Vacations, Holidays, Leave)

**Vacations, holidays, sick leave, and any other hours not actually worked are not "hours worked" for purposes of the FLSA.**

<u>Hills v. Wal-Mart Stores, Inc.</u>, No. 08-23197-CIV, 2010 WL 1839268, at *7 (S.D. Fla. May 6, 2010); <u>Moore v. Sears Roebuck & Co.</u>, No. 3:06CV255-RV/MD, 2007 WL 1950405, at *4 (N.D. Fla. July 2, 2007)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39

### (Work Week as Basis)

The workweek is the basis for applying the overtime pay provisions of the FLSA.  Under the law, each work week stands alone. This means that it is necessary for you to determine the hours worked by the Plaintiffs on a week by week basis in determining whether a Plaintiff worked more than 40 hours in any single work week.

29 U.S.C. § 207; 29 C.F.R. §§ 778.103, 778.104

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

## PROPOSED JURY INSTRUCTION NO. 40
### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

        GIVEN:
        GIVEN AS MODIFIED:
        WITHDRAWN:
        REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41

### (Breaks and Meal Periods)

In determining hours worked, breaks that are 20 minutes or longer do not count as work time.  In determining whether the Plaintiffs worked more than 40 hours in any week, you should exclude breaks that equal or exceed 20 minutes in length.

Bona fide meal periods, such as lunch breaks, are not work time either. A bona fide meal period ordinarily constitutes 30 minutes or more. Breaks and bona fide meal periods constitute non-compensable rest time.

29 C.F.R. § 785.18; 29 C.F.R. § 785.19; Davis v. Charoen Pokphand, Inc., 302 F. Supp. 2d 1314, 1326 (11th Cir. 2004).

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42

### (Timekeeping - De Minimis Time)

It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved. Therefore, in recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. This is referred to as *de minimis* time.

*De minimis* time applies where there are uncertain and indefinite periods of time involved of a few seconds or minutes in duration, and where the failure to count such time is due to the considerations justified by industrial realities. Periods of up to ten minutes may be considered *de minimis*. In determining whether time was *de minimis*, you should consider the amount of daily time spent on that work, the administrative difficulty in recording that time, the size of the aggregate claim, and the regularity of the work.

29 U.S.C. §785.47; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946); Lewis v. Keiser Sch., Inc., No. 11-62176-CIV, 2012 WL 4854724, at *2 (S.D. Fla. Oct. 12, 2012)

*GIVEN AS REQUESTED* _____
*GIVEN AS MODIFIED* _____
*REFUSED* _____
*WITHDRAWN* _____

## <u>PROPOSED JURY INSTRUCTION NO. 43</u>

EMPLOYEE PERMITTED TO WORK

<u>Permitting an employee to engage in an activity is considered "work" under the FLSA.</u>

29 U.S.C. 203 (e)(1)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED

## PROPOSED JURY INSTRUCTION NO. 44
## "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45
### *RECORD KEEPING REQUIREMENTS OF THE EMPLOYER*

(a) Items required. Every employer shall maintain and preserve payroll or other

records containing the following information and data with respect to each

employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the

same record, the employee's identifying symbol or number if such is used in place

of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the

prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for

employees employed under section 7(k) of the Act, the starting time and length of

each employee's work period). If the employee is part of a workforce or employed

in or by an establishment all of whose workers have a workweek beginning at the

same time on the same day, a single notation of the time of the day and beginning

day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 46**

**(Set Off for Hours Paid But Not Worked)**

  **Plaintiffs contend that they were paid on an hourly basis. If Plaintiffs Jose Angel Luzardo and Raunel Manuel Lara Alonso were paid on an hourly basis on one or more weeks, Defendants contend that Plaintiffs Jose Angel Luzardo and Raunel Manuel Lara Alonso received payment for hours they did not actually work.**

  **Defendants have asserted the affirmative defense of Set Off.  If you find that Jose Angel Luzardo and Raunel Manuel Lara Alonso were paid for hours they did not work, you must subtract the pay Jose Angel Luzardo and Raunel Manuel Lara Alonso received for hours not worked from any amount of compensation due to Jose Angel Luzardo and Raunel Manuel Lara Alonso, provided that the set off does not reduce Jose Angel Luzardo's or Raunel Manuel Lara Alonso's hourly rate below the minimum hourly wage which is $7.25 per hour.**

Rivero v. Lefeld & Sons, LLC, 2014 WL 2095219 (S.D.Fla.); Maglione-Chenault v. Douglas Realty & Development, Inc., 2014 WL 1389575 *4 M.D.Fla., 2014; Moura v. Culinary Advisors, Inc., 2014 WL 979104 *2 S.D.Fla.,2014; Banegas v. One Two Tree, Inc., 2010 WL 3212067 *4 (S.D. Fla.).

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

## PROPOSED JURY INSTRUCTION NO. 47
### DUTY TO DELIBERATE

### WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED INSTRUCTION NO. 48</u>
### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORM(S)

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.9.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 49**

Special Interrogatories
**JOSE ANGEL LUZARDO**

**Your verdict in this case will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.**

**1.    Do you find from a preponderance of the evidence that Defendants Triton Window Distributors, Inc. and Alejandro Acosta failed to pay Plaintiff Jose Angel Luzardo overtime pay required by law?**

**Answer Yes or No            _____**

**If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.**

**2.    For each workweek on the attached Table state the number of hours worked by Plaintiff Jose Angel Luzardo.**

**3.    For each work week on the attached table, state whether Plaintiff Jose Angel Luzardo was paid according to the Fluctuating Work Week ("FWW") method or according to the hourly pay ("Hourly") method.**

4.      For each work week in the attached Table, state the amount of wages, including overtime, that you find that Plaintiff Jose Angel Luzardo was actually paid by Defendants.

5.      State the dollar amount of unpaid overtime wages, if any, due that Plaintiff Jose Angel Luzardo for all work weeks.

$_____

(State the amount)

6.      Do you find from a preponderance of the evidence that on one or more weeks Defendants paid that Plaintiff Jose Angel Luzardo for hours he did not actually work. ("Hourly" pay weeks only.)

Answer Yes or No                _____

If your answer is "No," skip to question 11, below. If your answer is "Yes," go to the next question.

7.      For each workweek on the attached Table, state the number of hours, if any, that you find that Plaintiff Jose Angel Luzardo did not actually work but was paid by Defendants.

8.      For each workweek when you find that Plaintiff Jose Angel Luzardo was paid for hours he did not work, state the dollar amount that Plaintiff Jose Angel Luzardo was paid for hours that he did not work.

9.      State the total dollar amount that that Plaintiff Jose Angel Luzardo was paid for hours that he did not work. ("Hourly" pay weeks only.)

$_____

**(State the amount)**

10.      Subtract the amount of pay received by that Plaintiff Jose Angel Luzardo for hours not worked (Question 9) from unpaid overtime wages due Plaintiff Jose Angel Luzardo (Question 5).

Unpaid Overtime Wages (Question 5) minus Pay for Hours Not Worked (Question 9) = $_____.

11.      Should Plaintiff  Jose angel Luzardo be awarded damages?

Answer Yes or No                _____

If your answer is "Yes,"
in what amount?                $_____

**SO SAY WE ALL.**

_____
**Foreperson's Signature**

**DATE:** _____

**Adapted and modified from 11th Circuit Pattern Jury Instructions, §4.14, and 8th Circuit Model Civil Jury Instructions §10.44.**

Plaintiffs' Objection: This is a proposed verdict form and not instructions and, therefore, should not be placed in the instructions.

**JOSE ANGEL LUZARDO**

| Work Week Starting | Hours Worked | "Hourly" Or "FWW" | Wages Due Including Overtime | Wages Paid Including Overtime | Hours Paid, But Not Worked | Difference Wages Due vs. Wages Paid (Over or Under) |
|---|---|---|---|---|---|---|
| April 11, 2013 | | | | | | |
| April 18, 2013 | | | | | | |
| April 25, 2013 | | | | | | |
| May 2, 2013 | | | | | | |
| May 9, 2013 | | | | | | |
| May 16, 2013 | | | | | | |
| May 23, 2013 | | | | | | |
| May 30, 2013 | | | | | | |
| June 6, 2013 | | | | | | |
| June 13, 2013 | | | | | | |
| | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **June 20, 2013** | | | | | |
| **June 27, 2013** | | | | | |
| **July 4, 2013** | | | | | |
| **July 11, 2013** | | | | | |
| **July 18, 2013** | | | | | |
| **July 25, 2013** | | | | | |
| **August 1, 2013** | | | | | |
| **August 8, 2013** | | | | | |
| **August 15, 2013** | | | | | |
| **August 22, 2013** | | | | | |
| **August 29, 2013** | | | | | |
| **Sep. 5, 2013** | | | | | |
| **Sep. 12, 2013** | | | | | |
| **Sep. 19, 2013** | | | | | |
| **Sep. 26, 2013** | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Oct. 3, 2013** | | | | | | |
| **Oct. 10, 2013** | | | | | | |
| **Oct. 17, 2013** | | | | | | |
| **Oct. 24, 2013** | | | | | | |
| **Oct. 31, 2013** | | | | | | |
| **Nov. 7, 2013** | | | | | | |
| **Nov. 14, 2013** | | | | | | |
| **Nov. 21, 2013** | | | | | | |
| **Nov. 28, 2013** | | | | | | |
| **Dec. 5, 2013** | | | | | | |
| **Dec. 12, 2013** | | | | | | |
| **Dec. 19, 2013** | | | | | | |
| **Dec. 26, 2013** | | | | | | |
| **Jan. 2, 2014** | | | | | | |
| | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jan. 9, 2014** | | | | | |
| **Jan. 16, 2014** | | | | | |
| **Jan. 23, 2014** | | | | | |
| **Jan. 30, 2014** | | | | | |
| **Feb. 6, 2014** | | | | | |
| **Feb. 13, 2014** | | | | | |
| **Feb. 20, 2014** | | | | | |
| **Feb. 27, 2014** | | | | | |
| **March 6, 2014** | | | | | |
| **March 13, 2014** | | | | | |
| **March 20, 2014** | | | | | |
| **March 27, 2014** | | | | | |
| **April 3, 2014** | | | | | |
| **April 10, 2014** | | | | | |
| **April 17, 2014** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **April 24, 2014** | | | | | |
| **May 1, 2014** | | | | | |
| **May 8, 2014** | | | | | |
| **May 15, 2014** | | | | | |
| **May 22, 2014** | | | | | |
| **May 29, 2014** | | | | | |
| **June 5, 2014** | | | | | |
| **June 12, 2014** | | | | | |
| **June 19, 2014** | | | | | |
| **June 26, 2014** | | | | | |
| **July 3, 2014** | | | | | |
| **July 10, 2014** | | | | | |
| **July 17, 2014** | | | | | |

**Special Interrogatories**
**RAUNEL MANUEL LARA ALONSO**

Your verdict in this case will be determined by your answers to the following questions.  Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

1.    Do you find from a preponderance of the evidence that Defendants Triton Window Distributors, Inc. and Alejandro Acosta failed to pay Plaintiff  Raunel Manuel Lara Alonso overtime pay required by law?

Answer Yes or No              _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.


2.    For the period of September 30, 2012 to September 30, 2014, do you find from a preponderance of the evidence that Defendants either knew their conduct was prohibited by the Fair Labor Standards Act or showed reckless disregard for whether their conduct was prohibited by the Fair Labor Standards Act?

_____Yes        _____No

**Note**: If you answered "No" to Question 2, you should complete Table "A" for the period from September 30, 2012 to September 30, 2014 only.  See Table "A" attached. If you answered "Yes" to Question 2, you should complete Table "B" for the period from September 30, 2011 to September 30, 2014.  See Table "B" attached.

3.     For each workweek on the attached Table "A" or Table "B," indicate whether  Plaintiff Raunel Manuel Lara Alonso was paid according to the Fluctuating Work Week ("FWW") method or according to the hourly pay ("Hourly") method.

4.     For each workweek on the attached Table "A" or Table "B," state the hours worked by Raunel Manuel Lara Alonso.

5.     For each work week in attached Table "A" or Table "B" (see Note, Question 2), state the amount of wages, including overtime,  that you find Plaintiff Raunel Manuel Lara Alonso was actually paid by Defendants.

6.     State the dollar amount of unpaid overtime wages, if any, due Raunel Manuel Lara Alonso for all work weeks.

$_____

**(State the amount)**

**7.** Do you find from a preponderance of the evidence that on one or more weeks Defendants paid Plaintiff Raunel Manuel Lara Alonso for hours he did not actually work. ("Hourly" pay weeks only.)

**Answer Yes or No** _____

If your answer is "No," skip to Question 12. If your answer is "Yes," go to the next question.

**8.** For each workweek, state the number of hours that you find Plaintiff Raunel Manuel Lara Alonso did not work but was actually paid by Defendants. ("Hourly" work weeks only.)

**9.** For each workweek, state the dollar amount that Plaintiff Raunel Manuel Lara Alonso was paid for hours that he did not work. ("Hourly" work weeks only.)

**10.** State the total dollar amount that Plaintiff Raunel Manuel Lara Alonso was paid for hours that he did not work. ("Hourly" work weeks only.)

$_____

**(State the amount)**

**11.    Subtract the amount of pay received by Plaintiff Raunel Manuel Lara Alonso for hours not worked (Question 10) from unpaid overtime wages due Raunel Manuel Lara Alonso (Question 6).**

**Unpaid Overtime Wages (Question 6) minus Pay for Hours Not Worked (Question 10) = $_____.**

**12. Should Plaintiff Raunel Manuel Lara Alonso be awarded damages?**

**Answer Yes or No            _____**

**If your answer is "Yes,"
in what amount?                  $_____**

**SO SAY WE ALL.**

_____
**Foreperson's Signature**

**DATE: _____**

**Adapted and modified from 11th Circuit Pattern Jury Instructions, §4.14 and 8th Circuit Model Civil Jury Instructions §10.44.**

Plaintiff's Objection: Again, this is an improper title and placement of these verdict questions.

## RAUNEL MANUEL LARA ALONSO

## TABLE "A"

| Work Week Starting | Hours Worked | "Hourly" Or "FWW" | Wages Due Including Overtime | Wages Paid Including Overtime | Hours Paid, But Not Worked | Wages Due vs. Wages Paid (Over or Under) |
|---|---|---|---|---|---|---|
| Sept. 27, 2012 | | | | | | |
| Oct. 4, 2012 | | | | | | |
| Oct. 11, 2012 | | | | | | |
| Oct. 18, 2012 | | | | | | |
| Oct. 25, 2012 | | | | | | |
| Nov. 1, 2012 | | | | | | |
| Nov. 8, 2012 | | | | | | |
| Nov. 15, 2012 | | | | | | |
| Nov. 22, 2012 | | | | | | |
| Nov. 29, 2012 | | | | | | |
| | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Dec. 6, 2012** | | | | | |
| **Dec. 13, 2012** | | | | | |
| **Dec. 20, 2012** | | | | | |
| **Dec. 27, 2012** | | | | | |
| **Jan. 3, 2013** | | | | | |
| **Jan. 10, 2013** | | | | | |
| **Jan. 17, 2013** | | | | | |
| **Jan. 24, 2013** | | | | | |
| **Jan. 31, 2013** | | | | | |
| **Feb. 7, 2013** | | | | | |
| **Feb. 14, 2013** | | | | | |
| **Feb. 21, 2013** | | | | | |
| **Feb. 28, 2013** | | | | | |
| **March 7, 2013** | | | | | |
| **March 14, 2013** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **March 21, 2013** | | | | | |
| **March 28, 2013** | | | | | |
| **April 4, 2013** | | | | | |
| **April 11, 2013** | | | | | |
| **April 18, 2013** | | | | | |
| **April 25, 2013** | | | | | |
| **May 2, 2013** | | | | | |
| **May 9, 2013** | | | | | |
| **May 16, 2013** | | | | | |
| **May 23, 2013** | | | | | |
| **May 30, 2013** | | | | | |
| **June 6, 2013** | | | | | |
| **June 13, 2013** | | | | | |
| **June 20, 2013** | | | | | |
| **June 27, 2013** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **July 4, 2013** | | | | | |
| **July 11, 2013** | | | | | |
| **July 18, 2013** | | | | | |
| **July 25, 2013** | | | | | |
| **August 1, 2013** | | | | | |
| **August 8, 2013** | | | | | |
| **August 15, 2013** | | | | | |
| **August 22, 2013** | | | | | |
| **August 29, 2013** | | | | | |
| **Sep. 5, 2013** | | | | | |
| **Sep. 12, 2013** | | | | | |
| **Sep. 19, 2013** | | | | | |
| **Sep. 26, 2013** | | | | | |
| **Oct. 3, 2013** | | | | | |
| **Oct. 10, 2013** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Oct. 17, 2013** | | | | | |
| **Oct. 24, 2013** | | | | | |
| **Oct. 31, 2013** | | | | | |
| **Nov. 7, 2013** | | | | | |
| **Nov. 14, 2013** | | | | | |
| **Nov. 21, 2013** | | | | | |
| **Nov. 28, 2013** | | | | | |
| **Dec. 5, 2013** | | | | | |
| **Dec. 12, 2013** | | | | | |
| **Dec. 19, 2013** | | | | | |
| **Dec. 26, 2013** | | | | | |
| **Jan. 2, 2014** | | | | | |
| **Jan. 9, 2014** | | | | | |
| **Jan. 16, 2014** | | | | | |
| **Jan. 23, 2014** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jan. 30, 2014** | | | | | |
| **Feb. 6, 2014** | | | | | |
| **Feb. 13, 2014** | | | | | |
| **Feb. 20, 2014** | | | | | |
| **Feb. 27, 2014** | | | | | |
| **March 6, 2014** | | | | | |
| **March 13, 2014** | | | | | |
| **March 20, 2014** | | | | | |
| **March 27, 2014** | | | | | |
| **April 3, 2014** | | | | | |
| **April 10, 2014** | | | | | |
| **April 17, 2014** | | | | | |
| **April 24, 2014** | | | | | |
| **May 1, 2014** | | | | | |
| **May 8, 2014** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **May 15, 2014** | | | | | |
| **May 22, 2014** | | | | | |
| **May 29, 2014** | | | | | |
| **June 5, 2014** | | | | | |
| **June 12, 2014** | | | | | |
| **June 19, 2014** | | | | | |
| **June 26, 2014** | | | | | |
| **July 3, 2014** | | | | | |
| **July 10, 2014** | | | | | |
| **July 17, 2014** | | | | | |
| **July 24, 2014** | | | | | |
| **July 31, 2014** | | | | | |
| **August 7, 2014** | | | | | |
| **August 14, 2014** | | | | | |
| **August 21, 2014** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **August 28, 2014** | | | | | |
| **Sept. 4, 2014** | | | | | |
| **Sept. 11, 2014** | | | | | |
| **Sept. 18, 2014** | | | | | |

**RAUNEL MANUEL LARA ALONSO**

**TABLE "B"**

| Work Week Starting | Hours Worked | "Hourly" Or "FWW" | Wages Due Including Overtime | Wages Paid Including Overtime | Hours Paid, But Not Worked | Wages Due vs. Wages Paid (Over or Under) |
|---|---|---|---|---|---|---|
| Feb. 9, 2012 | | | | | | |
| Feb. 16, 2012 | | | | | | |
| Feb. 23, 2012 | | | | | | |
| March 1, 2012 | | | | | | |
| March 8, 2012 | | | | | | |
| March 15, 2012 | | | | | | |
| March 22, 2012 | | | | | | |
| March 29, 2012 | | | | | | |
| April 5, 2012 | | | | | | |
| April 12, 2012 | | | | | | |
| April 19, 2012 | | | | | | |
| April 26, 2012 | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **May 3, 2012** | | | | | |
| **May 10, 2012** | | | | | |
| **May 17, 2012** | | | | | |
| **May 24, 2012** | | | | | |
| **May 31, 2012** | | | | | |
| **June 7, 2012** | | | | | |
| **June 14, 2012** | | | | | |
| **June 21, 2012** | | | | | |
| **June 28, 2012** | | | | | |
| **July 5, 2012** | | | | | |
| **July 12, 2012** | | | | | |
| **July 19, 2012** | | | | | |
| **July 26, 2012** | | | | | |
| **August 2, 2012** | | | | | |
| **August 9, 2012** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **August 16, 2012** | | | | | |
| **August 23, 2012** | | | | | |
| **August 30, 2012** | | | | | |
| **Sept. 6, 2012** | | | | | |
| **Sept. 13, 2012** | | | | | |
| **Sept. 20, 2012** | | | | | |
| **Sept. 27, 2012** | | | | | |
| **Oct. 4, 2012** | | | | | |
| **Oct. 11, 2012** | | | | | |
| **Oct. 18, 2012** | | | | | |
| **Oct. 25, 2012** | | | | | |
| **Nov. 1, 2012** | | | | | |
| **Nov. 8, 2012** | | | | | |
| **Nov. 15, 2012** | | | | | |
| **Nov. 22, 2012** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Nov. 29, 2012** | | | | | |
| **Dec. 6, 2012** | | | | | |
| **Dec. 13, 2012** | | | | | |
| **Dec. 20, 2012** | | | | | |
| **Dec. 27, 2012** | | | | | |
| **Jan. 3, 2013** | | | | | |
| **Jan. 10, 2013** | | | | | |
| **Jan. 17, 2013** | | | | | |
| **Jan. 24, 2013** | | | | | |
| **Jan. 31, 2013** | | | | | |
| **Feb. 7, 2013** | | | | | |
| **Feb. 14, 2013** | | | | | |
| **Feb. 21, 2013** | | | | | |
| **Feb. 28, 2013** | | | | | |
| **March 7, 2013** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **March 14, 2013** | | | | | |
| **March 21, 2013** | | | | | |
| **March 28, 2013** | | | | | |
| **April 4, 2013** | | | | | |
| **April 11, 2013** | | | | | |
| **April 18, 2013** | | | | | |
| **April 25, 2013** | | | | | |
| **May 2, 2013** | | | | | |
| **May 9, 2013** | | | | | |
| **May 16, 2013** | | | | | |
| **May 23, 2013** | | | | | |
| **May 30, 2013** | | | | | |
| **June 6, 2013** | | | | | |
| **June 13, 2013** | | | | | |
| **June 20, 2013** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **June 27, 2013** | | | | | |
| **July 4, 2013** | | | | | |
| **July 11, 2013** | | | | | |
| **July 18, 2013** | | | | | |
| **July 25, 2013** | | | | | |
| **August 1, 2013** | | | | | |
| **August 8, 2013** | | | | | |
| **August 15, 2013** | | | | | |
| **August 22, 2013** | | | | | |
| **August 29, 2013** | | | | | |
| **Sep. 5, 2013** | | | | | |
| **Sep. 12, 2013** | | | | | |
| **Sep. 19, 2013** | | | | | |
| **Sep. 26, 2013** | | | | | |
| **Oct. 3, 2013** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Oct. 10, 2013** | | | | | |
| **Oct. 17, 2013** | | | | | |
| **Oct. 24, 2013** | | | | | |
| **Oct. 31, 2013** | | | | | |
| **Nov. 7, 2013** | | | | | |
| **Nov. 14, 2013** | | | | | |
| **Nov. 21, 2013** | | | | | |
| **Nov. 28, 2013** | | | | | |
| **Dec. 5, 2013** | | | | | |
| **Dec. 12, 2013** | | | | | |
| **Dec. 19, 2013** | | | | | |
| **Dec. 26, 2013** | | | | | |
| **Jan. 2, 2014** | | | | | |
| **Jan. 9, 2014** | | | | | |
| **Jan. 16, 2014** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jan. 23, 2014** | | | | | |
| **Jan. 30, 2014** | | | | | |
| **Feb. 6, 2014** | | | | | |
| **Feb. 13, 2014** | | | | | |
| **Feb. 20, 2014** | | | | | |
| **Feb. 27, 2014** | | | | | |
| **March 6, 2014** | | | | | |
| **March 13, 2014** | | | | | |
| **March 20, 2014** | | | | | |
| **March 27, 2014** | | | | | |
| **April 3, 2014** | | | | | |
| **April 10, 2014** | | | | | |
| **April 17, 2014** | | | | | |
| **April 24, 2014** | | | | | |
| **May 1, 2014** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **May 8, 2014** | | | | | |
| **May 15, 2014** | | | | | |
| **May 22, 2014** | | | | | |
| **May 29, 2014** | | | | | |
| **June 5, 2014** | | | | | |
| **June 12, 2014** | | | | | |
| **June 19, 2014** | | | | | |
| **June 26, 2014** | | | | | |
| **July 3, 2014** | | | | | |
| **July 10, 2014** | | | | | |
| **July 17, 2014** | | | | | |
| **July 24, 2014** | | | | | |
| **July 31, 2014** | | | | | |
| **August 7, 2014** | | | | | |
| **August 14, 2014** | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **August 21, 2014** | | | | | |
| **August 28, 2014** | | | | | |
| **Sept. 4, 2014** | | | | | |
| **Sept. 11, 2014** | | | | | |
| **Sept. 18, 2014** | | | | | |

Plaintiffs' Objection: Pursuant to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946), Plaintiffs estimate their average time because of insufficient and inaccurate timekeeping records.

### CONSENT OF COUNSEL FOR DEFENDANT

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that counsel for Defendant has authorized him to affix their electronic signature to this Joint Scheduling Report.

Respectfully Submitted,

Dated: 7/14/2015                    Dated: 7/14/2015

J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: steven.fraser.esq@gmail.com

By: /s/ *Steven Fraser*_____
    Steven C. Fraser, Esq.
    Florida Bar Number: 625825
    Julia Garrett, Esq.
    Florida Bar Number: 105151
    J. H. Zidell, Esq.
    Florida Bar Number:10121

Campbell & Malafy
Attorney for Defendants
10087 Overseas Hwy
Marathon, Florida  33050-3454
Tel: (305) 743-2492
Fax: (786) 743-2432
Email: torreslaw@mac.com

By: /s/ *Jose F. Torres*_____
    Jose F. Torres, Esq.
    Florida Bar Number: 148067