United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Angel Luzardo and Raunel Manuel Lara Alonso, Plaintiffs  )<br>)<br>v.  )<br>)<br>Triton Window Distributors, Inc. )<br>and Alejandro Acosta, Defendants  ) | Civil Action No. 14-23622-Civ-Scola |

## Order Granting In Part And Denying In Part Plaintiffs' Motion In Limine

Plaintiffs filed a motion in limine asking the Court to exclude (1) reference to attorneys' fees and costs at trial; (2) reference to liquidated damages at trial; (3) evidence of Luzardo's prior convictions; (4) evidence of Luzardo's prior bad acts—specifically, falsifying his employment application—and (5) the testimony of William Gomez. After considering the parties' briefing and argument of counsel at a hearing on July 21, 2015, the Court grants in part and denies in part Plaintiffs' Motion.

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. 20 Am. Jur. Trials 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during the course of trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.* Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.*

**(1) Plaintiffs' motion to exclude reference to attorney's fees and costs at trial is granted.**

"The issue of attorney's fees and costs are matters decided by the Court post trial and not by the jury," Plaintiffs write. (Mot. in Limine, 4, ECF No. 28.) The Court agrees. "[T]he weight of authority appears to exclude any reference to attorney's fees and costs. For example, the Eleventh Circuit's 2013 civil pattern jury instructions has deleted the former pattern jury instruction on

attorney's fees and costs." *Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV, 2013 WL 3353835, at *1 (S.D. Fla. July 3, 2013) (*comparing* Eleventh Circuit Civil Pattern Jury Instructions (2013), *with* Eleventh Circuit Pattern Jury Instructions (Civil Cases), p. 571 (2005)). The Court therefore finds that "the amount of attorney's fees and costs is not relevant to any jury issue at trial." *Id.*

Plaintiffs' motion to exclude reference to attorneys' fees and costs at trial is **granted**. If Defendant believes the evidence at trial opens the door to elicitation of evidence regarding these matters they may seek reconsideration.

**(2)   Plaintiffs withdrew their motion to exclude reference to liquidated damages.**

At a hearing on July 21, 2015, Plaintiffs withdrew their motion to exclude references to liquidated damages at trial. The Court thus makes no ruling on this issue. The Court notes, however, that similar to attorneys' fees and costs, case law in this Circuit suggests that there is no legal basis to allow a defendant to refer to liquidated damages at trial. *See Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV, 2013 WL 3353835, at *1 (S.D. Fla. July 3, 2013) (citing Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) ("[u]nder the plain language of the [FLSA] statute, [liquidated damages] is a question for the court to determine not the jury.")); *see also Palma v. Safe Hurricane Shutters, Inc.*, No. 07–22913–CIV, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011) (prohibiting parties from referring to liquidated damages at trial).

**(3)   Plaintiffs' motion to exclude evidence of Luzardo's prior convictions and prior bad acts is granted in part.**

Plaintiffs' motion to exclude evidence of Luzardo's prior convictions and their motion to exclude evidence of his prior bad acts overlap. Despite having prior convictions, Luzardo indicated "No" on his employment application in response to the question "Have you ever been convicted of a felony." (*See* Application, ECF No. 31-3.) He admitted as much in his deposition. (*See* Luzardo Dep., Feb. 19, 2015, ECF No. 31-4.) But his prior convictions are more than 10 years old and thus "Defendants cannot introduce evidence of any convictions[,]" Plaintiffs argue. (Mot. in Limine, 2, ECF No. 28.) Defendant counters that Luzardo's falsified employment application is relevant to his veracity and evidence of his prior convictions is relevant to establish that his statement on the application was false. (*See* Opp. to Mot. in Limine, 7, ECF No. 31.)

Plaintiffs' motion to exclude evidence of Luzardo's prior convictions and prior bad acts is **granted in part**. Defendant may not introduce evidence of Luzardo's prior convictions or his employment application, but may ask whether he lied on his employment application and, if needed, use deposition testimony for impeachment.

**(4)   Plaintiffs' motion to exclude the testimony of William Gomez is denied.**

Plaintiffs identified William Gomez as a potential witness in their interrogatory responses. (*See* Resp. to Interrogatories, ECF No. 31-5.) But now, they claim he "was a new employee of Defendants and had no knowledge of Plaintiffs' work duties, hours worked and pay." (Mot. in Limine, 3, ECF No. 28.) Of course, Gomez, a fact witness, may only testify concerning matters of which he has personal knowledge. *See* Fed. R. Evi. 602. Plaintiffs' motion to exclude his testimony is **denied**.

**Done and ordered** in chambers, at Miami, Florida, on July 21, 2015.

_____
Robert N. Scola, Jr.
United States District Judge