United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Jose Angel Luzardo and Raunel Manuel Lara Alonso, Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 14-23622-Civ-Scola |
| Triton Window Distributors, Inc. and Alejandro Acosta, Defendants | ) ) ) | |

*Read 7/29/15*

**Jury Instructions**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Some evidence has been admitted for a limited purpose only. When I earlier instructed you that certain testimony had been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## Burden of Proof

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against each Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

On certain issues, sometimes called "affirmative defenses," the Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that the Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Fair Labor Standards Act**
**(29 U.S.C. § 216)**

In this case, Jose Angel Luzardo and Raunel Manuel Lara Alonso claim that the Triton Window Distributors and Alejandro Acosta did not pay each of them overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their claims against the Defendants, each Plaintiff must prove, by a preponderance of the evidence, that Defendants failed to pay each of them the overtime pay required by law:

First:      Each Plaintiff was an employee of Defendants and the FLSA applies to the Corporate Defendant Triton Window Distributors, Inc. and Alejandro Acosta; and

Second:   Triton Window Distributors and Alejandro Acosta failed to pay Jose Angel Luzardo and Raunel Manuel Lara Alonso overtime pay required by law.

The Parties agree to the First prong and, therefore, you shall find that the First prong is already established in this case.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

<u>Overtime claim</u>: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

In determining hours worked, breaks that are 20 minutes or longer do not count as work time.  In determining whether the Plaintiffs worked more than 40 hours in any week, you should exclude breaks that equal or exceed 20 minutes in length.

Bona fide meal periods, such as lunch breaks, are not work time either. A bona fide meal period ordinarily constitutes 30 minutes or more. Breaks and bona fide meal periods constitute non-compensable rest time.

An individual employee's rights for overtime compensation under the FLSA cannot be abridged by contract or otherwise waived by the employee.

4

## Fluctuating Work Week Method

FLSA regulations provide for an alternate way to calculate the compensation of certain salaried employees—the Fluctuating Work Week method.

The Fluctuating Work Week method allows an employee whose hours fluctuate, that is, vary, from week to week to be compensated at a fixed salary per week for the first 40 hours worked (even if below 40 hours), plus one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because the straight-time rate [that is, the fixed salary] already includes compensation for all hours worked.

The regular rate of hourly compensation will vary from week to week depending on the number of actual hours worked in any given workweek; it is calculated by dividing the number of hours worked into the amount of the straight-time salary.

The "regular rate of pay" is determined "by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week."

The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Fair Labor Standards Act.

In this case, Defendants contend that they paid Plaintiffs according to the fluctuating workweek method.

The Defendants have the initial burden of proving that the fluctuating workweek method was utilized in paying the Plaintiffs during their employment in this case. If you find that the Defendants failed to establish that the fluctuating workweek method was utilized in paying the Plaintiffs during their employment, you would consider the Plaintiffs' claims under the previous payment method known as "time-and-a-half-pay" defined on page 4 of these instructions.

To establish that the fluctuating workweek method was utilized in paying the Plaintiffs during their employment in this case, the Defendants must prove by a preponderance of the evidence that:

(1)     Plaintiffs' hours fluctuated from week to week;

(2)     Plaintiffs were paid a fixed weekly salary regardless of the number of hours worked during that week;

(3)     Plaintiffs were actually paid at one-half the regular rate of pay for each hour of overtime worked during any week; and

(4)     Defendants and Plaintiffs had a clear, mutual understanding that the Plaintiffs' fixed weekly salary was intended to compensate them up to the

first 40 hours and that any and all overtime hours would be paid at one-half the regular rate of payment for that week.

The Defendants may prove that they and the Plaintiffs had a "clear, mutual understanding" by establishing either:

(1)     There was a specific agreement in writing or orally between the employer and employee to use the fluctuating workweek payment method, or

(2)     In the absence of an agreement,

        (a)     the employee knew how much he was paid each week including what part of the pay was for salary and what part was for overtime; and

        (b)     the employee knew his work hours varied from week to week; and

        (c)     the employee knew he received a base salary even when working fewer than 40 hours per week.

It is <u>not</u> necessary for the defendants to prove that the employee understood the particular manner in which his or her overtime pay was calculated.

If you find that the fluctuating workweek method was utilized in paying the Plaintiffs during their employment then the Plaintiffs have the burden of proving that the Defendants failed to comply with the requirements of the fluctuating workweek method.

**Calculating Employee Pay Under The Salaried Employee Method And Fluctuating Workweek Method**

### Salaried Employee Pay Calculation

Under the salaried employee hourly pay method, the employee is paid a fixed salary for all hours worked up to 40 during the work week.  All hours above forty (40) per week are paid at an overtime rate of one and one half time the regular rate.

For example, consider an employee earning a salary of $400 per week.  His hourly rate would be calculated at ten dollars ($10.00) per hour.  If the salaried employee works 40 hours on Week 1, 45 hours on Week 2, and 35 hours on Week 3, you would calculate his pay as follows:

In Week 1, (40 hours worked) the employee earns $10.00 (the fixed regular rate) times 40 (the number of hours worked).  Since the employee did not work over 40 hours, he does not receive overtime pay.  The employee's pay for Week 1 is $400.00. ($10 x 40).

In Week 2, (45 hours worked) the employee earns $10.00 (the fixed regular rate) times 40 (the number of "regular" hours) plus $15.00 (the overtime rate) times 5 for the hours worked over 40.  The employee's pay for Week 2 is $10.00 x 40 ($400) plus $15.00 x 5 ($75), $475.00 total.

In Week 3, (35 hours worked) the employee earns $11.43 per hour (the fixed regular rate) times 35 (the number of hours worked).  He does not receive overtime pay.  But, because the employee is a salaried employee, the total pay for Week 3 is $400.00 for 35 hours worked.

**Fluctuating Work Week (FWW) Calculation**

Now, consider an employee working 40 hours on <u>Week 1</u>, 45 hours on <u>Week 2</u>, and 35 hours on <u>Week 3</u>, but compensated under the Fluctuating Workweek method at a base salary of $400.00 per week.

In <u>Week 1</u>, (40 hours worked) the employee's regular rate of pay is $10.00 per hour ($400 salary divided by 40, the number of hours worked). Since the employee did not work over 40 hours, he does not receive overtime pay. The employee's pay for <u>Week 1</u> is <u>$400.00</u>, his base salary.

In <u>Week 2</u>, (45 hours worked) the employee's regular rate of pay is $8.88 per hour ($400 salary divided by 45, the number of hours worked). The employee worked five (5) overtime hours for which he is compensated at one half the regular rate per hour, $8.88 x 0.5 = $4.44 per hour. Under the Fluctuating Workweek Method, the employee's total pay for Week 2 is <u>$422.20</u> consisting of $400.00, his base salary, plus $22.20 as overtime premium.

In <u>Week 3</u>, (35 hours worked) the employee earns $<u>400.00</u> (his base salary) for 35 hours' work. His regular rate of pay for Week 3 is $11.43 per hour. He does not receive overtime pay since he worked under forty hours during that week.

8

### Statute of Limitations

Under the FLSA Plaintiffs are entitled to recover lost overtime wages from the date of your verdict back to no more than two years before they filed this lawsuit on September 30, 2014, (that is to September 30, 2012)—unless you find that the employer willfully disregarded whether the FSLA prohibited its conduct. If you find that the employer willfully disregarded whether the FSLA prohibited its conduct, then Plaintiffs are entitled to recover lost wages from date of your verdict back to no more than three years before each filed this lawsuit on September 30, 2014.

"Willfully" means that the Defendants knew, or showed reckless disregard for whether, the FLSA prohibited their conduct.

If you determine that the Defendants willfully violated the FLSA as to Mr. Alonso, the Court instructs you that you must find at least some amount of overtime due and owing to him based upon the Defendants' admission that they do owe him at least some overtime.

### Plaintiffs' Duty to Prove Overtime Hours Worked

In order to prevail on their claims in this case, each Plaintiff must prove (1) that he worked overtime without proper compensation; and (2) that the employer knew or should have known of his overtime hours worked.

If the employer had no knowledge of the employee's alleged overtime hours and that employee failed to notify the employer of the overtime hours claimed, the employer's failure to pay for the overtime hours is not a violation of the FLSA.

### Proof of Overtime Hours Worked—Use of Records or Substitutes

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs Jose Angel Luzardo and Raunel Manuel Lara Alonso claim that Triton Window Distributors failed to keep and maintain adequate records of their hours and pay. The Plaintiffs also claim that Triton Window Distributor's failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of their claims.

If you find that Triton Window Distributors failed to keep adequate time and pay records for the Plaintiffs and that Plaintiffs performed work for which they should have been paid, they may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence the reasonable estimation of the amount and extent of the work for which they seek pay.

The law does not require an employer to use any particular method of timekeeping. Any timekeeping plan is acceptable as long as it is complete and accurate.

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each

employee's work period. Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day or per week basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

### Work Week as Basis

The workweek is the basis for applying the overtime pay provisions of the FLSA.  Under the law, each work week stands alone. This means that it is necessary for you to determine the hours worked by the Plaintiffs on a week by week basis in determining whether a Plaintiff worked more than 40 hours in any single work week.  If you find that the Plaintiffs have proven that the Defendants failed to fully pay them for overtime hours they worked during some weeks, the Defendants are <u>not</u> entitled to offset any overtime payments due to the Plaintiffs based upon payments made to the Plaintiffs in other weeks during which the Plaintiffs worked fewer than 40 hours but were paid their full salary for those weeks.

### Duty to Deliberate When Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Although their cases have been tried together, each Plaintiff is entitled to your separate consideration of his case.  Your verdict as to one Plaintiff should not affect your verdict as to the other Plaintiff.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.